GLD-179                                                 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2863
_____

NOAH CARTER,
Appellant

v.

DR. RALPH SMITH;
DR. RICHARD STEFANIC; JULIE KNAUER;
MYRON STANISHEFSKI; DAVID DIGUGLIELMO;
DONALD T. VAUGHN; PRISON HEALTH SERVICES, INC.;
and JOHN DOE/JANE DOE #1-10, fictitious names of
employees of Prison Health Services, Inc. whose
identities are presently unknown
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 08-cv-00279)
District Judge:  Honorable Thomas N. O'Neill, Jr.
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 10, 2012
Before:  FUENTES, GREENAWAY, JR., and NYGAARD, <u>Circuit Judges</u>

(Opinion filed May 23, 2012)
_____

OPINION
_____

PER CURIAM

Noah Carter appeals the District Court's order granting Appellees' motions for summary judgment. For the reasons below, we will summarily affirm the District Court's order.

The procedural history of this case and the details of Carter's claims are well known to the parties, set forth in the District Court's very thorough memorandum order, and need not be discussed at length. Briefly, Carter filed a civil rights complaint alleging that the Appellees were deliberately indifferent to his serious medical needs when they failed to properly treat a mass on his spine. The District Court appointed counsel who filed an amended complaint. Appellees filed motions for summary judgment which the District Court granted. Carter filed a pro se notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order granting summary judgment de novo and review the facts in the light most favorable to the nonmoving party. Burns v. Pa. Dep't of Corr., 642 F.3d 163, 170 (3d Cir. 2011). A grant of summary judgment will be affirmed if our review reveals that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Appellees argued in their motions for summary judgment that Carter had failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

available are exhausted." Carter conceded in the District Court that he did not appeal any of his grievances through the highest level of review. However, the District Court agreed with Carter that after receiving a favorable response to a grievance, he was not required to appeal it any further. We need not resolve that issue as we agree with the District Court that Appellees were entitled to summary judgment on those claims it deemed exhausted.[1]

In order to state a claim under the Eighth Amendment for denial of medical care, Carter must show that the Appellees were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference can be shown by a prison official "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Id. at 104-05. With respect to medical decisions, "prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer v. O'Carroll, 991 F .2d 64, 67 (3d Cir. 1993). A federal court will "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . (which) remains a question of sound professional judgment." Inmates of Allegheny Jail v. Peirce, 612 F.2d 754, 762 (3d Cir. 1979) (citation omitted).

After a thorough review of Carter's allegations and the record, the District Court concluded that Carter had not provided any evidence that Appellee PHS denied him

---

[1] Likewise, we need not address the District Court's determination that several of Carter's claims were timely pursuant to the continuing violations doctrine.

medical treatment for impermissible financial reasons or that any delay in his receiving medical care was a result of any policy. See Natale v. Camden County Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003). As for Appellee Stefanic, the District Court concluded that Carter had exhausted only one claim against him and that there was no evidence that Stefanic was deliberately indifferent to Carter's serious medical needs with respect to that claim. The District Court concluded that Carter had not exhausted any grievances against Appellee Smith. Moreover, we note that there is no evidence that Smith denied Carter medical care for improper reasons.

With respect to the Commonwealth Appellees, the District Court determined that Carter's grievances to the non-medical prison officials were not sufficient to demonstrate deliberate indifference. We agree. Prison officials cannot be held to be deliberately indifferent merely because they did not respond to the medical complaints of a prisoner who was already being treated by the prison medical staff. Durmer, 991 F.2d at 69. "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004).

Carter also seeks to challenge the District Court's denial of his post-judgment pro se motion to take additional depositions. However, he did not file a notice of appeal from that order. Thus, we lack jurisdiction to review that order.

Summary action is appropriate if there is no substantial question presented in the appeal.  See Third Circuit LAR 27.4.  For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order.  See Third Circuit I.O.P. 10.6.  Carter's motion for the appointment of counsel is denied.